# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| GRAND TRUNK CORPORATION and ILLINOIS CENTRAL RAILROAD COMPANY, | ) ) ) ) |
| Petitioners, | ) Case No. 22-3289 ) |
| v. | ) ) ) |
| SURFACE TRANSPORTATION BOARD and UNITED STATES OF AMERICA, | ) ) ) ) |
| Respondents. | ) |

Petition for Review from the Surface Transportation Board, *Ex Parte* Docket No. 765

## PETITIONERS' MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

Pursuant to Federal Rule of Appellate Procedure 42(b)(2) and other applicable authority, Petitioners Grand Trunk Corporation and Illinois Central Railroad Company ("Petitioners") hereby move for voluntary dismissal without prejudice of their Petition for Review in the above-captioned proceeding. Counsel for the Surface Transportation Board and the United States of America have informed counsel for the undersigned that they do not oppose Petitioners' request for voluntary

dismissal, but take the position that whether this voluntary dismissal is without prejudice cannot be determined at this time. Counsel for Intervenors National Grain and Feed Association, American Chemistry Council, Corn Refiners Association, The Fertilizer Institute, and National Industrial Transportation League have also conveyed to the undersigned that they do not object to this motion. The grounds for this motion are set forth below.

    1.    The Surface Transportation Board ("STB") issued an order on December 19, 2022, adopting a final rule in *Joint Petition for Rulemaking to Establish a Voluntary Arbitration Program for Small Rate Disputes ("Arbitration Rulemaking")*, STB Docket No. EP 765 ("Final Rule"). That Final Rule promulgated new regulations to govern an arbitration program for small rate cases between freight railroads and their customers.

    2.    On December 29, 2022, Petitioners sought review in the U.S. Court of Appeals for the Seventh Circuit of the Final Rule on the grounds that certain aspects of the Final Rule are contrary to law, clearly erroneous, arbitrary and capricious, an abuse of discretion, and not supported by substantial evidence.

3.     On January 24, 2023, two petitions for reconsideration were filed with the STB that challenged several core aspects of the Final Rule.  On February 21, 2023, the STB moved to hold this appeal in abeyance pending its resolution of those petitions for reconsideration.  On February 23, 2023, this Court granted that motion and suspended briefing pending the Board's resolution of the petitions for reconsideration.

4.     The January 24, 2023 petitions for reconsideration remain pending at the STB.  In light of the continued pendency of petitions for reconsideration that could resolve some or all of the issues that Petitioners intended to raise in this appeal, Petitioners believe that it best serves judicial economy to dismiss this appeal until the STB resolves those petitions.

5.     For these reasons, Petitioners ask the Court to dismiss their Petition for Review filed December 29, 2022 without prejudice to them refiling a petition for review after the STB decides the petitions for reconsideration.

## CONCLUSION

Petitioners respectfully request that this Court dismiss the Petition for Review in Case No. 22-3289 without prejudice.

Respectfully Submitted,

 /s/ Matthew J. Warren
Raymond A. Atkins
Matthew J. Warren
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
(202) 736-8711 (Fax)

*Counsel to Petitioners Grand Trunk Corporation and Illinois Central Railroad Company*

Dated: July 30, 2025

## CERTIFICATE OF COMPLIANCE

1.  This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 418 words (as determined by the Microsoft Word 365 Pro Plus word-processing system used to prepare it), excluding the parts of the motion exempted by Rule 32(f).

2.  This brief complies with Rule 32(a)(5)'s typeface requirements and Rule 32(a)(6)'s type-style requirements because it has been prepared in a proportionately spaced typeface using the 365 Pro Plus version of Microsoft Word in 14-point Century Schoolbook font.


                                                 /s/ Matthew J. Warren
                                                 Matthew J. Warren

Dated: July 30, 2025

## CERTIFICATE OF SERVICE

I certify that on July 30, 2025, this motion was filed with the Clerk of the Court for the U.S. Court of Appeals for the Seventh Circuit through the appellate CM/ECF system, which will send notice to all registered CM/ECF users. All parties to the above-captioned action are registered CM/ECF users such that service will be accomplished through the CM/ECF system.

　　　　　　　　　　　　　　　　　　　/s/ Matthew J. Warren
　　　　　　　　　　　　　　　　　　　Matthew J. Warren